IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| INVITROGEN CORPORATION (formerly Life Technologies, Inc.), Plaintiff/Declaratory-Defendant, vs. CLONTECH LABORATORIES, INC., Defendant/Declaratory-Plaintiff. | Civil Action No.  AW-96-4080 AW-00-1879 |

## MEMORANDUM OPINION

Before the Court are Motions for Reconsideration of the Court's April 13, 2007 Memorandum Opinion and Order (Paper Nos. 936 and 942) filed by Clontech and Invitrogen, respectively. Clontech has also filed a Motion to Set the Order of Proof and Argument at Trial (Paper No. 937) and a Motion *in limine* to Preclude Invitrogen from Presenting Expert Testimony or Evidence at Trial on Damages after September 30, 2001 (Paper No. 940). A two-week jury trial of this case is set to begin on May 8, 2007. Because the record is well developed and adequately addresses the various issues before the Court, a hearing on the Motions will not be necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will deny Clontech's Motion for Reconsideration, deny Clontech's Motion to Set the Order of Proof and Argument at Trial, and deny Clontech's Motion *in limine* to Preclude Invitrogen from Presenting Expert Testimony or Evidence at Trial on Damages after September 30, 2001.

In its April 13, 2007 Memorandum Opinion and Order, the Court granted-in-part, denied-in-part Clontech's Motion for Summary Judgment of Non-Infringement Based on Estoppel, Patent Unenforceability Due to Misuse and that It is Not a Willful Infringer (Paper No. 912). Specifically, the Court held that Invitrogen was estopped from asserting infringement claims against Clontech based on United States Patent Number 5,244,797 (the '797 patent) and United States Patent Number

5,668,005 (the '005 patent) because Invitrogen failed to raise the collateral estoppel issue on appeal. Mem. Op. at 6-12. Further, the Court ruled that all issues relating to enablement and written description were resolved due to Clontech's failure to raise alternative theories of non-enablement and written description arguments before the United States Court of Appeals for the Federal Circuit ("CAFC").

**Standard of Review on Motion for Reconsideration**

A court may grant a motion for reconsideration under Fed. R. Civ. P. Rule 60(b) in limited circumstances where equity requires reconsideration. *See generally* Wright & Miller, 11 Federal Practice and Procedure § 2857. Because Rule 60 is an extraordinary remedy, "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677-78 n.1 (D. Md. 2001). As a result, reconsideration is warranted only because of: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005); *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (internal citations omitted).

**Clontech's Motion for Reconsideration**

Clontech moves the Court to reconsider its April 13, 2007 Order in that the Order precludes Clontech from pursuing a lack of enablement invalidity defense with respect to claims of United States Patent Number 6,063,608 (the '608 patent) that are not limited to products derived from MMLV. Clontech argues that reconsideration is necessary to correct a clear error of law and prevent manifest injustice. Clontech's Mot. for Reconsideration at 1 (citing *Turner v. Kight*, 217 F. Supp. 2d 680, 681 (D. Md. 2002)). Clontech's argument is premised on this Court's November 10, 2003 Order which limited the interpretation of this Court's May 4, 2001 Memorandum Opinion and Order to point mutation enablement. Clontech argues that since the Court left open the "other than

MMLV" theory of non-enablement.

The Court disagrees with Clontech.  On appeal before the CAFC, Clontech argued that "LTI's patent claims are invalid because the specification does not enable the full scope of the patent claims."  Br. of Defendants-Cross Appellants at 43.  Although, Clontech limited its argument on appeal to point mutations, Clontech certainly had the opportunity and responsibility to raise other theories of non-enablement before the CAFC.  The failure to do so constitutes a waiver of those arguments.  Therefore, Clontech's motion will be denied.

**Clontech's Motion to Set Order of Proof and Argument at Trial**

Clontech moves the Court to set the order of proof and argument at trial such that Clontech is treated as plaintiff, proceeding first with its case-in-chief and first with opening and closing statements.  Upon consideration of the parties' respective positions, the Court does not believe that a change in the order of proof and argument is warranted in this case.  As such, Clontech's motion will be denied.

**Clontech's Motion *in limine***

Clontech further moves the Court *in limine* to exclude expert testimony and evidence on Invitrogen's lost profits after September 30, 2001.  Under Rule 37(c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1).  Clontech argues that Invitrogen's lost profits evidence should be excluded for failure to make the requisite expert disclosures.  The Court does not believe that the drastic and

Case 8:96-cv-04080-AW   Document 968   Filed 04/30/07   Page 4 of 5

far reaching relief requested by Clontech is warranted in this case.

The Fourth Circuit has recognized five factors to be considered in determining whether evidence should be excluded pursuant to Rule 37(c)(1):

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In this case, Clontech will not be surprised in any real sense by evidence as to loss damages. Clontech has been aware that Invitrogen is seeking lost profit damages throughout the course of this litigation. Furthermore, it appears that any surprise that would accompany the admission of expert evidence on lost damages after 2001 will be cured now that Invitrogen has provided Clontech with an opportunity to depose its damages expert, Joseph Agiato. Consequently, the remaining factors weigh against granting Clontech's motion. As such, the motion will be denied.

**Invitrogen's Motion for Reconsideration**

Invitrogen moves the Court to reconsider the Court's application of the waiver doctrine to Invitrogen's failure to raise the collateral estoppel issues on the latest appeal of this case. In the alternative, Invitrogen requests relief from the Court's judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(b)(5) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

FED. R. CIV. P. 60(b)(5). The Court's April 13, 2007 Memorandum Opinion squarely addresses Invitrogen's waiver arguments, and the Court sees no reason to reconsider its rulings on those

grounds. With respect to Invitrogen's Rule 60 argument, at first blush, it does appear that the Rule may directly address the issue before the Court and should be carefully considered. The difficulty, of course, in assessing the merits of the motion is that both parties have different interpretations as to what the CAFC determined, what was not determined, and what underlying facts or issues were vacated. What appears clear, though, is that the Court has discretion with respect to the Motion and may consider deferring its ruling pending the determination at trial of various issues that may be relevant to the resolution of the Motion. Moreover, it is not quite clear to the Court what impact the history of the case, the present trial posture of the case, and the various rulings from the CAFC should have on this Court's discretion as to how much, if any, relief should be granted under Rule 60. The parties are invited to initiate a conference call with the Court to present further thoughts with respect to this Motion.

## **CONCLUSION**

For the reasons stated above, the Court denies Clontech's Motion for Reconsideration (Paper No. 936), denies Clontech's Motion to Set the Order of Proof and Argument at Trial (Paper No. 937), denies Clontech's Motion *in limine* to Preclude Invitrogen from Presenting Expert Testimony or Evidence at Trial on Damages after September 30, 2001 (Paper No. 940). A separate Order consistent with this Memorandum Opinion will follow.


Date:   April 30, 2007                                                     /s/
                                                                Alexander Williams, Jr.
                                                                United States District Judge